## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATIONAL WILDLIFE FEDERATION,       )
11100 Wildlife Center Drive         )
Reston, VA 20190,                   )
                                    )
            Plaintiff,              )
                                    )          Civil Action No. _____
      v.                            )
                                    )
UNITED STATES ARMY CORPS            )
OF ENGINEERS,                       )
441 G Street NW                     )
Washington, D.C. 20314,             )
                                    )
            Defendant.              )
_____)

## COMPLAINT FOR DECLARATORY
## JUDGMENT AND INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552,

as amended, against the United States Army Corps of Engineers (Corps) for unlawfully

withholding public information sought by Plaintiff National Wildlife Federation (NWF).

2.      On May 17, 2019, NWF submitted a FOIA request to the Corps seeking a copy of

a single record, the June 2018 Agency Technical Review Summary Report, including all

attachments, for the Integrated Draft Feasibility and Environmental Impact Statement – Pearl

River Watershed, Hinds and Rankin Counties, Mississippi (hereinafter, "ATR").

3.      By letter dated June 17, 2019, the Corps acknowledged that it located the ATR

but denied the request based on an invalid application of FOIA Exemption 5, the deliberative

process exemption. 5 U.S.C § 552(b)(5).

4.     On July 17, 2019, NWF administratively appealed the Corps' denial of the FOIA request.

5.     To date, the Corps has not made a determination regarding NWF's July 17, 2019 FOIA appeal, nor has the Corps given an estimated completion date for deciding the appeal.

6.     Defendant Corps is unlawfully withholding public disclosure of information sought by Plaintiff NWF, information that NWF is entitled to and for which no valid disclosure exemption applies.  Plaintiff NWF therefore seeks declaratory relief that the Corps is in violation of the FOIA for unlawfully withholding the ATR.  Plaintiff NWF also seeks injunctive relief directing Defendant Corps to immediately provide Plaintiff NWF with the requested material.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1331.

8.     Venue lies in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

9.     Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.  Declaratory relief is appropriate under 28 U.S.C. § 2201.

## PARTIES

10.     Plaintiff NATIONAL WILDLIFE FEDERATION is a non-profit organization, founded in 1936, organized under section 501(c)(3) of the Internal Revenue Code.  It is headquartered in Reston, Virginia and has regional offices throughout the country.  Plaintiff NWF has more than one million members and has affiliate organizations in almost every state and territory.  Plaintiff NWF's mission includes protecting our nation's water resources, which are home to countless species of fish, mussels, and other aquatic life.  To advance its mission, Plaintiff NWF uses a combination of research, litigation, education, and advocacy.  As part of its

research and advocacy, NWF uses government records made available under FOIA.  The records sought in this action are requested in support of these efforts.

11.     NWF closely monitors the laws, rules, and actions of government agencies.  NWF has spent a considerable amount of organizational resources and time ensuring governmental agencies comply with applicable environmental laws.

12.     NWF will analyze the information it receives from the FOIA request and share it with the public through press releases, memorandums, and reports.  NWF will also release the information to the public via its website, www.nwf.org, and other public forums.  NWF has consistently used the information received from FOIA requests to inform the public of governmental actions that will affect America's landscapes and wildlife.

13.     Defendant U.S. ARMY CORPS OF ENGINEERS is an agency within the meaning of 5 U.S.C. § 552(f)(1).  The Corps has possession and control of the requested records and is responsible for fulfilling the Plaintiff's request under FOIA.

## STATUTORY FRAMEWORK
### The Freedom of Information Act

14.     FOIA's basic purpose is to ensure government transparency and the expeditious disclosure of government records.  FOIA creates a statutory right of public access to agency records by requiring that federal agencies make records available to any person upon request.  5 U.S.C. § 552(a)(3)(A).

15.     The public's access to government records is narrowly proscribed by nine statutory exemptions.  *Id.* § 552(b).

16.     One of FOIA's nine exemptions allows an agency to withhold records under a claim of deliberative process.  *Id.* § 552(b)(5).  This "deliberative process" exemption only applies to "inter-agency" or "intra-agency" records.  *Id.*

17. FOIA defines the term "agency" to include "each authority of the Government of the United States" with certain exceptions not relevant here. *Id.* § 552(f)(1).

18. When a requested record is released to a third party that is not an "agency" within the meaning of FOIA, the agency may no longer withhold the record under the deliberative process exemption. *See id.* § 552(b)(5).

19. The District of Columbia Circuit has held that communications between an agency and non-agency consultants may qualify as "intra-agency" communications under a doctrine known as the "consultant corollary." *Pub. Emps. for Envtl. Responsibility v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mex.*, 740 F.3d 195, 201 (D.C. Cir. 2014). A federal agency may invoke the consultant corollary doctrine if the requested records "were solicited by a U.S. agency in the course of its deliberative process" but only if the "outside consultant did not have its own interests in mind." *Id.* at 201–02.

20. An agency must also produce any non-exempt portions of a record that are "reasonably segregable" from portions that are exempt. 5 U.S.C. § 552(b).

21. Even if an exemption applies, an agency must release the document unless doing so would harm an interest protected by the exemption. *Id.* § 552(a)(8)(A)(i). The exemptions are construed narrowly in light of Congress's goal to promote the broad disclosure of government records.

22. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id*. § 552(a)(4)(B).

23. A requestor is deemed to have exhausted their administrative remedies "if the agency fails to comply with the applicable time limits." *Id.* § 552(a)(6)(C)(i).

24.     Relevant here, an agency must make a determination with respect to any administrative appeal within 20 working days of the date on which the request is first received by the appropriate component of the agency. *Id.* § 552(a)(6)(A)(ii).

25.     In "unusual circumstances," an agency may delay its response to a FOIA request or appeal by no more than 10 days, but the agency must provide notice and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B).

26.     This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

## FACTS UNDERLYING PLAINTIFF'S CLAIM FOR RELIEF

27.     The Rankin-Hinds Pearl River Flood Control and Drainage District (Rankin Hinds), a non-federal entity, is sponsoring an engineering project to address flood risks in the Jackson, Mississippi metropolitan area from the Pearl River (the Project).

28.     The Project is being undertaken by Rankin Hinds with 100 percent non-federal funding.  It is not a Corps project.

29.     The Corps, Vicksburg District, is serving in an advisory role on the Project, having provided technical assistance to Rankin Hinds at Rank Hinds' request.

30.     Rankin Hinds drafted an Integrated Draft Feasibility Study and Environmental Impact Statement (FS/EIS) for the Project, which examines alternative flood control projects that have been developed and evaluated by Rankin Hinds.

31.     At Rankin Hinds' request, the Corps' Vicksburg District conducted a technical review of the FS/EIS, which is memorialized in the ATR.

32.     Rankin Hinds has fully funded all costs incurred by the Vicksburg District for its advisory efforts, and no federal funds have been used for the FS/EIS.

33.     The Corps provided a copy of the ATR to Rankin Hinds.

34.     On May 17, 2019, Plaintiff NWF submitted a FOIA request to the Corps for the ATR, including all attachments. (Attached as Exhibit A).

35.     The Corps received NWF's FOIA request on May 17, 2019.

36.     By letter dated June 17, 2019, the Corps acknowledged that it located the ATR but denied the request under the FOIA Exemption 5, the deliberative process exemption, 5 U.S.C § 552(b)(5). (Attached as Exhibit B).

37.     On July 17, 2019, NWF administratively appealed the Corps' denial of the FOIA request. (Attached as Exhibit C).

38.     On August 15, 2019, the Corps acknowledged by letter that it received NWF's FOIA appeal on July 17, 2019.  The Corps' letter did not assert any "unanticipated circumstances" existed, nor did it provide an anticipated date for deciding the appeal. (Attached as Exhibit D).

39.     To date, the Corps has not made a determination regarding NWF's July 17, 2019 FOIA appeal, nor has the Corps given an estimated completion date for deciding the appeal.

40.     Plaintiff has exhausted administrative remedies pursuant to FOIA.  5 U.S.C. § 552(a)(6)(C)(i).

**PLAINTIFF'S CLAIM FOR RELIEF**

**(Failure to Disclose Responsive Records Under the FOIA)**

41.     Plaintiff NWF re-alleges and incorporates by reference all preceding paragraphs.

42.     Plaintiff NWF, through its May 17, 2019 FOIA request properly asked for records within the Corps' control.

43.     Plaintiff NWF, through its July 17, 2019 letter, properly appealed Defendant Corps' denial of the FOIA request.

44.     Defendant Corps has not provided a determination on Plaintiff NWF's July 17, 2019 administrative appeal within the 20-working day deadline, nor has it provided a date on which a determination will be reached.

45.     Plaintiff NWF has exhausted the applicable administrative remedies with respect to the Defendant Corps' wrongful withholding of the ATR.  5 U.S.C. § 552(a)(6)(C)(i).

46.     Plaintiff NWF has a legal right to obtain the ATR, and no legal basis exists for the Defendant Corps' failure to disclose it.

47.     Rankin Hinds is pursuing the Project based on its own interest in the Project and is not serving as an outside consultant to the Corps.

48.     The Corps did not solicit the requested record from Rankin Hinds, and is serving as a technical consultant to Rankin Hinds, not vice versa.

49.     Defendant Corps violated FOIA's mandate to release agency records to the public, by failing to release the ATR.  5 U.S.C. § 552(a)(3)(A).

50.     Accordingly, Plaintiff NWF is entitled to injunctive and declaratory relief with respect to the release and disclosure of the ATR.

## **PRAYER FOR RELIEF**

WHEREFORE, NWF respectfully requests that this Court:

(1)     Declare that the Defendant Corps violated FOIA by withholding the ATR in response to Plaintiff NWF's May 17, 2019 FOIA request;

(2)     Order the Defendant Corps to immediately release the ATR or reasonably segregable portions thereof at no cost to Plaintiff NWF;

(3)     Retain jurisdiction of this action to ensure the processing of Plaintiff NWF's FOIA request and that the ATR is not wrongfully withheld;

(4)     Award Plaintiff NWF its reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

(5)     Grant such other and further relief as the Court may deem just and proper.


Dated January 27, 2021           Respectfully submitted,


/s/Kenneth J. Rumelt

_____
KENNETH J. RUMELT
(D.C. Bar No. VT0003)
Environmental Advocacy Clinic
Vermont Law School
P.O. Box 96, 164 Chelsea St.
South Royalton, VT 05068
Phone: (802) 831-1031
Facsimile: (802) 831-1631

*Attorney for Plaintiff National Wildlife Federation*